UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TAD DEVLIN,

          Plaintiff,

    v.

STATE FARM GENERAL INSURANCE COMPANY,

          Defendant.

Case No.  25-cv-06553-AMO

**ORDER OF DISMISSAL**

Re: Dkt. No. 29

Before the Court is Defendant State Farm General Insurance Company's ("State Farm") motion to dismiss.  The matter is fully briefed and suitable for decision without oral argument.  Accordingly, the hearing set for January 29, 2026, was VACATED.  *See* Civil L.R. 7-6, Fed. R. Civ. Pro. 78(b); *see also* Dkt. No. 32.  Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the Court **GRANTS** State Farm's motion to dismiss for the following reasons.

I.      **BACKGROUND**

    A.     **Factual Background**

Plaintiff Tad Devlin alleges that State Farm issued him and his ex-wife, Miranda Martin, Homeowner's Policy No. 05-67V5-85N and Jewelry / Personal Articles Policy ("PAP") No.05-C2-B357-5.  First. Am. Compl. (Dkt. No. 28, "FAC") ¶¶ 3-5.  Devlin appends a copy of the PAP to the FAC.  *Id.*; *see also* FAC, Ex. A (Dkt. No. 28-1, "PAP").  The PAP provides in relevant part that it was issued to "Devlin, Tad & Miranda[;] 31 Hinkley Walk [;] San Francisco CA 94111-2303."  PAP at 1 (all-caps omitted).  The covered location is "Same as Mailing Address."  *Id.*  The PAP "insure[d] for accidental direct physical loss or damage to the property covered" unless excluded.  *Id.* at 9.  The PAP covered jewelry in the amount of $72,410.  *Id.*  Devlin lived with

Martin at 31 Hinckley Walk in San Francisco until August 2023, and at 1511 Lyon Street in San Francisco thereafter, apparently without Martin. FAC ¶¶ 3, 10.

On May 2, 2024, Devlin learned that claims had been made on both the homeowner's policy and the PAP. FAC ¶¶ 4, 5, 10. Devlin did not submit either claim, and he made clear to State Farm that he was not making the claims. FAC ¶¶ 4-5. Devlin does not allege that he suffered any loss covered by a State Farm policy. Rather, he alleges that he was entitled to policy benefits while carefully not claiming any interest in the property (women's jewelry) covered by the PAP. FAC ¶¶ 8, 14. Devlin asserts he had an interest in the claim payments as a named insured and/or as community property. *Id.*

State Farm issued claim checks payable to both "Tad Devlin and Miranda Devlin" in the amount of $57,542 and delivered them to 31 Hinckley Walk, the address on the PAP. FAC ¶¶10, 12-14. Devlin never received either check – the first was fraudulently executed, and the second was negotiated without his signature. *Id.* Devlin filed suit against State Farm but did not include Martin or the bank that negotiated the second check as a party. *See generally* FAC.

**B.    Procedural History**

Devlin filed his original Complaint in California state court on June 30, 2024, advancing claims for (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) unfair business practices under California Business & Professions Code § 17200. Dkt. No. 1-1. On August 4, 2025, State Farm removed the case based on diversity jurisdiction. Dkt. No. 1. On August 11, 2025, State Farm moved to dismiss the original complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 10. The Court granted that motion with leave to amend on January 29, 2026. Dkt. No. 27. Devlin filed the FAC on February 19, 2026, advancing the same three causes of action. Dkt. No. 28. This motion followed. Dkt. No. 29.

**II.    DISCUSSION**

State Farm moves to dismiss on the basis that Devlin fails to state a claim for any of the three causes of action, and it also moves to dismiss Devlin's claim for an award of punitive damages. Dkt. No. 29. Devlin opposes. Dkt. No. 30.

United States District Court
Northern District of California

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Under Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).

While the court is to accept as true all the factual allegations in the complaint, it need not accept legally conclusory statements unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 558-59 (2007) (citations and quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Id.* at 679.

Review is generally limited to the contents of the complaint, although the court can also consider a document on which the complaint relies if the document is central to the claims asserted in the complaint, and no party questions the authenticity of the document. *See Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The court may consider matters that are properly the subject of judicial notice, *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001), and may also consider documents referenced extensively in the complaint and documents that form the basis of the plaintiffs' claims. *See No. 84 Emp'r-Teamster Jt. Council Pension Tr. Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 925 n.2 (9th Cir. 2003). If dismissal is warranted, it is generally without prejudice, unless it is clear that the complaint cannot be saved by any amendment. *Sparling v. Daou*, 411 F.3d 1006, 1013 (9th Cir. 2005).

United States District Court
Northern District of California

3

The Court considers the sufficiency of the allegations as to each cause of action and, finding the contents of the FAC insufficient to state a claim, does not reach the sufficiency of Devlin's allegations as to punitive damages.

### A.    Breach of Contract

To make out a claim for breach of contract, a party must plead facts to establish "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Coles v. Glaser*, 2 Cal. App. 5th 384, 391 (2016). The parties here debate more narrowly whether an insurer's issuance of a single payment to two insureds may give rise to a claim for breach of contract if one insured negotiates the payment check and the other insured recovers nothing. *See* Dkt. No. 29 at 11 & Dkt. No. 30 at 5 (both citing *Bank of Am. Nat. Tr. & Sav. Ass'n. v. Allstate Ins. Co.*, 29 F. Supp. 2d 1129 (C.D. Cal. 1998)). The *Bank of America* case involved a rental property owned by a couple, "the Tangs," which was damaged by fire. *Bank of Am.*, 29 F. Supp. 2d at 1132. The property was insured by Allstate, and Bank of America had a security interest in the property. *Id.* Allstate issued a settlement draft jointly payable to the Tangs and Bank of America and delivered the draft to the Tangs' home address, the address listed on the policy. *Id.* The Tangs forged Bank of America's endorsement, and Bank of America did not receive any of the insurance proceeds. *Id.* Bank of America sued Allstate, alleging breach of contract based on the issuance of a joint payment which Bank of America never received. *Id.* at 1132, 1137-38. The court granted summary judgment in favor of Allstate because "delivery of the check to the Tangs was not a breach of the insurance policy." *Id.* at 1141. In particular, the court found that, upon delivery of the joint check to the Tangs, they became agents of Bank of America for purposes of payment delivery, and Allstate did not breach the policy by issuing the check to the Tangs and Bank of America jointly at the policy's listed address. *Id.* at 1141 (quoting Cal. Comm. Code § 3420, cmt. 1, "If a check is payable to more than one payee, delivery to one of the payees is deemed to be delivery to all of the payees.").

Here, Devlin admits that State Farm delivered payment on the claim in the form of a check to "Tad Devlin and Miranda Devlin," as joint payees. FAC ¶¶ 12, 14. The PAP listed both

United States District Court
Northern District of California

4

individuals as named insureds on the PAP, and the check was delivered to the address on the PAP. *See* PAP (Dkt. No. 28-1). The only specific policy terms and conditions that Devlin alleges were breached by State Farm are the "Loss Settlement" and "Loss Payment" conditions in the PAP. FAC ¶¶ 7, 23, 30. However, he does not explain how State Farm's actions violated those provisions in light of the admission that State Farm made payment to both parties named in the policy at the address on the policy. Devlin's allegations instead demonstrate that State Farm fulfilled its obligations under the PAP by delivering joint payment to the listed address on the policy. This circumstance closely mirrors the *Bank of America* case – the insurer issued joint payment to both Devlin and Martin in accordance with the insurance contract, and upon delivery of the check to Martin, she became Devlin's agent for purposes of cashing the check. *Id.*, 29 F. Supp. 2d at 1141 (quoting Cal. Comm. Code § 3420, cmt. 1, "If a check is payable to more than one payee, delivery to one of the payees is deemed to be delivery to all of the payees."). As in *Bank of America*, the insurer here did not breach the policy by issuing joint payment to the listed address. Despite Devlin's protestations to the contrary, the insurer fulfilled its obligations under the PAP by issuing payment on the claim and delivering payment to the policy's listed address. Devlin may have a cause of action against the bank that negotiated the joint payment from State Farm. He may also have a cause of action against Martin. He does not, however, have a cause of action against State Farm because State Farm's contractual obligations were discharged when it issued payment in accordance with the PAP. Therefore, Devlin's cause of action for breach of contract fails as a matter of law and must be dismissed.

### B. Breach of the Duty of Good Faith and Fair Dealing

"California law is clear, that without a breach of the insurance contract, there can be no breach of the implied covenant of good faith and fair dealing." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1034 (9th Cir. 2008). Devlin makes no effort to depart from this reasoning and simply reiterates that he alleges a valid claim for breach of the insurance contract. *See* Dkt. No. 30 at 7. As explained above, Devlin fails to sufficiently plead a claim for breach of contract. The Court accordingly finds that Devlin fails to state a claim for a breach of the implied

covenant of good faith and fair dealing in the insurance policy, and that claim must also be dismissed. *Manzarek*, 519 F.3d at 1034.

### C.    Unfair Competition Law

California's Unfair Competition Law ("UCL") prohibits "unfair competition," which it defines to include "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Liability under Section 17200 is derivative of violations of other laws and the UCL makes such unlawful practices independently actionable. *Cal-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). Devlin asserts that, because his claim for breach of contract is viable, his claim under the UCL must also be viable. *See* Dkt. No. 30 at 8. But for the reasons stated above, Devlin's breach of contract claim fails, and the UCL claim also fails as derivative to the extent it rests on the breach of contract claim. *See Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634, 647 (N.D. Cal. 2021) ("If the 'plaintiff cannot state a claim under the predicate law . . . [the UCL] claim also fails.' " (citation omitted)).

Separately, Devlin alleges State Farm engaged in unfair practices by violating California's Insurance Code. *See, e.g.*, FAC ¶ 35. State Farm argues the UCL claim, to the extent it reaches beyond the failed breach of contract claim, also fails because (1) Devlin does not seek permissible UCL remedies and (2) Devlin cannot pursue the equitable relief contemplated by the UCL where he has an adequate remedy at law. *See* Dkt. No. 29 at 14-16. The Court briefly takes up the argument challenging the form of remedies sought under the UCL and does not reach the latter argument, as the first is dispositive.

Remedies available to private plaintiffs under the UCL "are generally limited to injunctive relief and restitution." *Cal-Tech Commc'ns*, 20 Cal. 4th at 179. But "[c]ourts have expressly found that the payment of policy benefits are 'damages' and therefore not recoverable under the UCL." *Park v. AXA Equitable Life Ins. Co.*, No. 8:22-CV-00761-SPG-DFM, 2023 WL 1931373, at *6 (C.D. Cal. Jan. 11, 2023), aff'd sub nom. *Park v. Axa Equitable Life Ins. Co.*, No. 23-55130, 2026 WL 701090 (9th Cir. Mar. 12, 2026). Indeed, courts reject plaintiffs' efforts to "recast a claim for damages as a request for restitution merely to fall within the confines of section 17200." *Benn v. Allstate Insurance Co.*, 569 F. Supp. 3d 1029, 1036-37 (C.D. Cal. 2021).

United States District Court
Northern District of California

Devlin here pursues "restitution," "disgorgement," and "injunctive relief," all of which seek economic damages in the form of lost policy benefits, attorney's fees, and previously-paid premiums. FAC ¶¶ 41-42. Based on a duplicative factual predicate, Devlin seeks a monetary award duplicative of that sought under the breach of contract and bad faith causes of action. FAC ¶ 35. Though Devlin's UCL claim attempts to recast his claim for policy benefits as one sounding in equity, "compensatory damages are not recoverable as restitution" and the claim must fail. *Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1402, n.14 (2010); *see also Park*, 2023 WL 1931373, at *7 ("requests for restitution by which an insured seeks payment of benefits is, in effect, a claim for monetary damages, and consequently, not cognizable under the UCL."). Moreover, in the face of State Farm's challenge to the form of remedies he seeks, Devlin cites no authority supporting his characterization of the relief he seeks as sounding in equity. *See* Dkt. No. 30 at 8. To the contrary, Devlin cites to only one case regarding the challenge to his cause of action for unfair business practices, *Cel-Tech Communications*, and Devlin offers zero discussion of how the case governs the instant dispute. *See* Dkt. No. 30 at 8. Because monetary damages are not recoverable under the UCL, and because Devlin fails to explain how the remedies he seeks reflect anything other than monetary damages, the cause of action fails as a matter of law.

## III.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** State Farm's motion to dismiss. Devlin's claims fail as a matter of law, and the Court accordingly **DISMISSES the claims with prejudice**. A separate judgment will issue.

**IT IS SO ORDERED.**

Dated: May 26, 2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**

United States District Court
Northern District of California

7